UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **09-CV-60823-Ungaro-Simonton**

GLENROY HYDE,

    Plaintiff,

v.

REDLINE RECOVERY SERVICES, LLC., AND
RESURGENT CAPITAL SERVICES, L.P.

    Defendants.

_____/

FILED by ___VT___ D.C.
ELECTRONIC

June 2, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, REDLINE RECOVERY SERVICES, LLC, placed telephone calls and sent letters into this District on behalf of Defendant, RESURGENT CAPITAL SERVICES, L.P.

## PARTIES

3. Plaintiff, GLENROY HYDE, is a natural person who resides in Broward County, Florida.

4. Defendant, REDLINE RECOVERY SERVICES, LLC, ("REDLINE") is a limited liability company with its principal place of business at 95 John Muir Drive, Amherst, New York 14068.

5. Defendant, RESURGENT CAPITAL SERVICES, L.P., ("RESURGENT") is a limited partnership with its principal office located at Suite 600, 15 South Main Street, Greenville, South Carolina 29601.

## FACTUAL ALLEGATIONS

6. Defendant sought to collect from Plaintiff an alleged debt arising from a Citibank credit card used primarily for personal, family or household purposes.

7. Plaintiff defaulted on the alleged debt several years ago.

8. Defendant, RESURGENT, acquired the alleged debt from Citibank or a subsequent holder.

9. Defendant, RESURGENT, assigned the debt for collection to other debt collectors including but not limited to, Defendant, REDLINE, who in turn sought to collect the alleged debt from Plaintiff.

10. Defendant, REDLINE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

2

11. Defendant, RESURGENT, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

12. Defendant, REDLINE, regularly collects or attempts to collect debts for other parties.

13. Defendant, REDLINE, is a "debt collector" as defined in the FDCPA.

14. Defendant, RESURGENT, is a "debt collector" as defined in the FDCPA.

15. At all times material to the allegations of this complaint, Defendant, REDLINE, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16. At all times material to the allegations of this complaint, Defendant, RESURGENT, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17. Defendant, RESURGENT, authorized other debt collectors including but not limited to Defendant, REDLINE, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

18. Other debt collectors including but not limited to Defendant, REDLINE, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of RESURGENT.

19.     Defendant, RESURGENT, conveyed information to Plaintiff regarding the alleged debt through Defendant, REDLINE'S letters and telephone calls to Plaintiff.

20.     By virtue of its status as a debt collector, RESURGENT, is vicariously liable to Plaintiff for REDLINE'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

21.     Defendant, REDLINE, left the following messages on Plaintiff's voice mail on his home and cellular telephone service, as indicated, on or about the dates stated:

> May 15, 2008                   Home Phone
> Hello, this message is solely intended for Glenroy Hyde. Mr. Hyde, this is Ms. Croker with the pre-legal department for Resurgent Capital Services. I am contacting you in regard to a Complaint that has been placed with Broward County pertaining to case number 2614172. In accordance with the Federal law, I have been asked to contact either yourself or if you do have an attorney at this time. If you could please return my call at 716-250-4826. You will need to have your case number available which is 2614172.
>
> May 29, 2008                   Home Phone
> This message is for Glenroy Hyde. My name is Brenda Moore. It is important that you contact me at 1-866-316-3248, extension 4837.
>
> May 30, 2008                   Home Phone

4

This message is for Glenroy Hyde. This is Brenda Moore. It is important that you contact me as soon as possible. I can be reached at 866-316-3248, extension 4837. Thank you.

June 2, 2008            Home Phone

This message is for Glenroy Hyde. My name is Brenda Moore calling from the legal department at Redline Recovery. It is important that you contact me at 866-316-3248, extension 4723. Thank you.

June 3, 2008            Home Phone

Well, yes. I am leaving this message for Glenroy Hyde. Glenroy, this is Mr. DeCarlos. It is important for you to contact me back in my office toll free. My phone number is 888-475-9130. Direct extension here in this office is 4710.

June 3, 2008            Home Phone

This message is for Glenroy Hyde. My name is Brenda. Please contact me at 866-316-3248, extension 4723. Thank you.

June 10, 2008            Home Phone

Well, yes. I am leaving this message here for Glenroy Hyde. Glenroy, this is Mr. DeCarlo. I strongly suggest contacting me in my office as soon as possible. My toll free contact number 888-475-9130. Direct extension here in this office 4778.

June 14, 2008            Home Phone

Yes, my name is Jeremy DeCarlo. I am leaving this message here solely intended for Glenroy Hyde. Glenroy, if you can contact me back toll free. My phone number is 866-316-3248.

June 17, 2008            Home Phone

Well, yes. I am leaving this message here for Glenroy Hyde. Glenroy, this is Jeremy DeCarlo again. My toll free phone number 866-316-3248. Direct extension 4778.

July 3, 2008            Cellular Phone

Glenroy, this is Mrs. Finley calling. The reason I was calling is because there has been a pre-legal claim filed against you in my office from Citibank, so either you or your attorney need to give me a call regarding this. I have already spoke with the client. They are offering an out of court

5

settlement, so you might want to take advantage of that. Return the call at 716-250-4838 or 866-316-3248. Alright.

<u>August 14, 2008</u>             <u>Home Phone</u>
Well, yes. I am leaving this message for Glenroy Hyde. Glenroy, this is Mr. DeCarlo. My toll free phone number 866-316-3248. Direct extension 4778.

<u>August 14, 2008</u>             <u>Home Phone</u>
Yes. I am leaving this message for Glenroy Hyde. Glenroy, this is Mr. DeCarlo again. My toll free phone number 866-316-3248, extension 4778.

22. Defendant, REDLINE, left similar or identical messages for Plaintiff on other occasions. (collectively, "the telephone messages").

23. The messages are "communications" as defined by 15 U.S.C. §1692a(2). <u>Berg v. Merchs. Ass'n Collection Div.</u>, 586 F. Supp. 2d 1336, Case No. 08-60660-Civ- Dimitrouleas/Rosenbaum, (S.D. Fla. Oct. 31, 2008).

24. Defendant, REDLINE, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages and its name.

25. On or about June 17, 2008, Plaintiff informed Defendant, REDLINE, that he was represented by an attorney with respect to the alleged debt and provided the name and telephone number of his attorney.

26. Defendant, REDLINE, communicated with Plaintiff's counsel's office on June 17, 2008 by telephone and on June 30, 2008 in writing delivered by facsimile.

6

27. Defendant, REDLINE, communicated directly with Plaintiff when Defendant, REDLINE, knew Plaintiff was represented by an attorney.

28. Plaintiff's attorney had not consented to Defendant, REDLINE'S direct communication with Plaintiff.

29. Plaintiff's attorney had not failed to respond to any communication of Defendant, REDLINE, within a reasonable amount of time.

30. No court had authorized Defendant, REDLINE'S direct communication with Plaintiff.

31. Defendants knew they were required to disclose their name, that they are debt collectors and the purpose of their communication in telephone messages to Plaintiff.

32. Defendant, REDLINE, Defendant, REDLINE and or other debt collectors acting on behalf of Defendant, RESURGENT, used an automatic telephone dialing system or an artificial or pre-recorded voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint without Plaintiff's express consent.

33. Defendants willfully or knowingly violated the regulations of the TCPA.

34. None of the telephone calls to Plaintiff were placed for "emergency purposes" as defined in the TCPA.

7

35. As assignee of Citibank, RESURGENT, is liable to Plaintiff for REDLINE'S, and any of RESURGENT'S other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

36. Plaintiff incorporates Paragraphs 1 through 35.

37. Defendant, REDLINE, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

8

38. Plaintiff incorporates Paragraphs 1 through 35.

39. Defendant, REDLINE, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

40. Plaintiff incorporates Paragraphs 1 through 35.

41. Defendant, REDLINE, communicated directly with Plaintiff when Defendant, REDLINE, knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

9

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

42.    Plaintiff incorporates Paragraphs 1 through 35.

43.    Defendant, REDLINE, communicated directly with Plaintiff when Defendant, REDLINE, knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

44.    Plaintiff incorporates Paragraphs 1 through 35.

45. Defendant, REDLINE, asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector, or the purpose of its communications, by using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to a cellular telephone service without prior express consent, and by communicating directly with Plaintiff when REDLINE knew Plaintiff was represented by counsel, all done when REDLINE knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT VI
### HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

46. Plaintiff incorporates Paragraphs 1 through 35.

47. By failing to disclose that it is a debt collector, and the purpose of its communication, and by using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to a cellular telephone service without prior express consent, and by communicating directly with Plaintiff when REDLINE

11

knew Plaintiff was represented by counsel, Defendant, REDLINE, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

48. Plaintiff incorporates Paragraphs 1 through 35.

49. Defendant, REDLINE, and other debt collectors acting on behalf of Defendant, RESURGENT, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

50. As assignee of Citibank, Defendant, RESURGENT, is liable to Plaintiff for REDLINE'S, or any of RESURGENT'S other debt collector agents, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,

2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Such other or further relief as the Court deems proper.

## COUNT VIII
## DECLARATORY AND INJUNCTIVE RELIEF

51.    Plaintiff incorporates Paragraphs 1 through 35.

52.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendants' practices are in violation of the TCPA and the FCCPA.

53.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1346, (S.D. Fla. 2008).

54.    Plaintiff seeks a permanent injunction prohibiting Defendants from continuing violation of the FCCPA.

55.    Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendants from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a.    declaring that Defendants' practices violate the TCPA and the FCCPA;

      b.      permanently injoining Defendants from engaging in the violative practices; and

      c.      Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated this __1__ day of June, 2009.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>donyarbrough@mindspring.com
>
>By: _____
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658

14

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Glenroy Hyde

**DEFENDANTS**

Redline Recovery Services, LLC, and
Resurgent Capital Services, L.P.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

0:09CV60823-UU·Simonton

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** 1-2 days estimated (for both sides) to try entire case    15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability   **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine   ☐ 370 Other Fraud |  |  |  |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability   ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle   ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability   ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   ☐ | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
|  |  | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**   **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act |  | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment   ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations   ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights   ☐ 550 Civil Rights *A or B |  |  | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property |  |  |  |  |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding   ☐ 2 Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Refiled   ☐ 5. Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION No   DEMAND $ N/A   ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE   DOCKET NUMBER

DATE: June __, 2009   SIGNATURE OF ATTORNEY OF RECORD   546445

UNITED STATES DISTRICT COURT   FOR OFFICE USE ONLY: Receipt No._____   Amount:_____
S/F 1-2   Date Paid:_____   M/ifp:_____
REV. 9/94